KLOSKY, Respondent, vs. PAYNE, as Agent, and another, Appellants.

*January 11—April 5, 1921.*

*Railroads: Passenger stations: Customary construction: Negligence.*

1. A railroad passenger station platform is not obviously unsafe because it was on a level with the rails, or because there was a space of only four feet and eight inches between the overhang of an engine passing on the track and a stairway, where the only evidence on the point was to the effect that the tracks and platform were constructed in the ordinary and usual manner.

2. One who uses a customary appliance which is in good repair and not obviously dangerous, in a usual and customary manner, is free from negligence.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Reversed.*

Action to recover damages for personal injuries sustained by plaintiff on July 16, 1918, as a result of being struck by one of defendants' trains on the platform of the passenger depot at Allis. The platform is raised above the street level and is reached by a stairway that has a concrete hood or covering, the west wall of which is seven feet and four inches from the east rail of the south-bound track. The north-bound track is on the east side of the platform and nineteen feet and four inches from the south-bound track.

The platform covers the whole space between the two tracks and is on a level with them. Plaintiff, a police officer, and well acquainted with the premises, was called up to look after some children on the platform at about train time. He came up the stairway facing the north, but on reaching the platform he turned around and faced south and was struck by a south-bound train. Whether he was struck by the engine because he suddenly moved nearer the track as it approached, or because he stood near enough to the track all the time—about two minutes,—is in dispute.

The jury found that the whistle was not blown; that the bell was rung; that plaintiff was free from contributory negligence; that defendants' platform was not as free from danger to the public as the nature thereof reasonably permitted; that such defect therein was the proximate cause of plaintiff's injury; and damages in the sum of $5,500. The court amended the verdict by finding that the whistle of the engine was blown as it approached the platform. From a judgment thereon as amended entered in favor of the plaintiff the defendants appealed.

*H. J. Killilea* of Milwaukee, for the appellants.

For the respondent there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *H. H. Otjen*.

The following opinion was filed February 8, 1921:

VINJE, J. The only finding the court deems it necessary to consider is the one declaring the platform unsafe. It is claimed by plaintiff that it was unsafe in at least two respects: first, because it was planked on a level with the rails, thus inducing the belief in passengers that it was safe to stand on it anywhere; that it should have been elevated above the track and ended at least two feet eight inches from the rails, thus preventing passengers from standing within reach of the overhang, which on the ordinary engine is two feet eight inches; and second, because a space only seven feet four inches was left between the covering of the stair-

way and the rail of the track, leaving a safe space of only four feet and eight inches between the covering and the over-hang. No evidence, expert or otherwise, was introduced by plaintiff to show that the platform as constructed was unsafe or that it was not the usual mode of construction of plat-forms under similar conditions or where there is more than one passing track. On the other hand, the defendants intro-duced evidence to the effect that the tracks and platform were constructed and put in place in the manner ordinarily and usually used by the *Chicago, Milwaukee & St. Paul Railway Company* in this state at that time and that at the Chicago & Northwestern Railway Company's lake-shore depot at Milwaukee the platform and tracks were similarly constructed. We therefore face a situation similar to that in the case of *Jensen v. Wis. Cent. R. Co.* 145 Wis. 326, 128 N. W. 982, where the jury found that the location of a switch with reference to a cattle-guard was unsafe, in the absence of any evidence to sustain the finding and against evidence that it was the usual mode of locating such switches. It was there held that, except as to a railroad construction obviously dangerous, a jury could not convict a railroad company of maintaining an unsafe place in the absence of evidence to sustain it, and especially so when the evidence shows that the mode of construction is a customary one. In *Merton v. Mich. Cent. R. Co.* 150 Wis. 540, 543, 137 N. W. 767, the principle was thus stated: One "who uses a cus-tomary appliance which is in good repair and not obviously dangerous, in a usual and customary manner, is free from negligence."

It cannot be said that the platform in question is obviously dangerous. Indeed, the opinions of careful, prudent men might well differ as to whether or not it is more dangerous than the platform raised above the tracks suggested by the plaintiff. That it is more convenient where there are two or more passing tracks is obvious.

Neither can a clear safe place four feet eight inches wide—the distance between the covering of the stairway and

the overhang—be said to be obviously dangerous. A person can step back a safe distance from the overhang space and yet have plenty of room in which to stand.

It is held that the case comes within the principles announced in the two cases mentioned, and it is not necessary to consider the question of plaintiff's alleged contributory negligence.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint upon the merits.

A motion for a rehearing was denied, with $25 costs, on April 5, 1921.